## TAYLOR v. RUSHING.

1. The lossee of a ferry is the person liable to the penalty of $10, imposed
by the statute of 1820, for neglect.

2. But where a person is employed on shares, and for an indefinite time,
though he has the exclusive control and management during his employ-
ment, yet he is to be considered as a servant, and not a lessee; and the
owner is liable.

3. When a penalty has accrued to an individual, under a statute, it is a vest-
ed right, and the repeal of the statute pending a writ of error does not
divest it, but the Court may go on to render a judgment.

THIS was an appeal tried in the Circuit Court of Autauga
county.    George Taylor had obtained a judgment against
B. Rushing, as the owner of a public ferry, for ten dollars,
as a penalty incurred by reason of his being detained at the
public ferry of said Rushing.    On the trial of the appeal,
the proof was, that the ferry belonged to Rushing, and
had been regularly established by the County Court; that
in May, 1826, the plaintiff had been detained two hours
on account of the absence of the ferryman.    It was proved
that before and after this time, Rushing kept the ferry
himself, but that at this time one Allen was keeping it;
that he had been engaged by Rushing to do so, and that
they were to share the proceeds, as also the profits of a
hatter's shop, which Allen carried on at the same time; that
Allen was to have the entire control of the ferry, but he
did not give to Rushing any bond or obligation to keep it
according to law.    No specific time was fixed by the
agreement, during which Allen should keep the ferry, but
it was understood he would keep it a year; he did not,
however, keep it a year; but soon after the above named
time, he declined keeping it any longer.    On this proof,
the Circuit Court gave judgment for the defendant, on the
ground, that as Allen had the whole control of the ferry,
it was tantamount to a lease of it to him, and that the

lessee was the person liable to the penalty under the statute. This decision is assigned for error by Taylor, who sued his writ of error to this Court.

THORINGTON, for the appellant.

FITZPATRICK and GOLDTHWAITE, for the appellee.

By JUDGE PERRY. The penalty is claimed under the provisions of the statute, passed December the 20th, 1820, which is in these words: "And it shall and may be lawful, for any person or persons detained at any public ferry, by reason of the ferryman's not having good and sufficient boats, or other proper craft, and hands, or by neglecting to do his duty, may by warrant from a justice of the peace, recover from such ferryman, or owner of such ferry, the sum of ten dollars for every default or neglect." [a] Under this clause of the statute, the facts of the case present two subjects for our consideration. The construction of the agreement between Allen and Rushing, and whether it constitutes a lease; and the construction of the statute under which these proceedings were had. A majority of the Court are of opinion, that if Allen could be considered as a lessee, that then the defendant was not liable unde the statute, according to the principle settled in the case of *Ladd v. Chotard*, decided in this Court. [b] But in applying the rules of construction to the agreement between Allen and the defendant, we have come to the conclusion that it does not constitute Allen a lessee, because there was no definite period of time, that he was to enjoy the ferry, in exclusion to the owner. Allen then having no right to the possession in exclusion of the owner, places him in the situation of a laborer for hire, to Rushing; and his having the entire control and management of the ferry, does not alter the construction of the agreement, and consequently, cannot diminish the liability of the owner. He will be held to a strict compliance with the statute, and it would be no excuse for him to say the detention was occasioned by his agent or servant, to whom he had given the management of his ferry. It is contended by the counsel for the defendant, that supposing he was liable under the statute of 1820, at the time of the rendition of the judgment in the Court below, he is not now liable, inasmuch as the Legislature, in 1827, passed an act to consolidate and reduce into one, the several acts concerning roads,

[a] Laws of Ala. p. 397.

[b] Minor's Ala. Rep. 366.

JULY 1829.

Taylor
v.
Rushing.

highways, ferries and bridges, containing a repealing clause of all acts or parts of acts, contravening the provisions of that act.    Without discussing the point, whether or not the law of 1820 was repealed by the law of 1827, a judgment may well be rendered against the defendant, for the reason, that the plaintiff's right to the penalty accrued, and became vested, previous to the law of 1827; consequently the legislature had no power to interfere with the private right which had accrued under the law of 1820.    It is this feature in this cause, that distinguishes it from the case of *Yeaton and others v. The United States,* *a* and from the case of the *Tombeckbe Bank v. The State of Alabama.* *b*    In the first case, the forfeiture was going to the general government.    It was a suit between individuals and the government, and the law under which the forfeiture accrued, was suffered by the government to expire by its own limitation; consequently, the rights which the government acquired under it, ceased.    The case of the *Tombeckbe Bank v. The State,* was similarly situated.    A judgment had been rendered against the Bank in favor of the State, for a penalty created by an act of the legislature; pending the cause in this Court, the legislature repealed the law creating the penalty, without reserving the rights the State had acquired under it.    The State having the interest in the penalty, it was competent for the legislature to discharge it.    The Court are therefore of opinion, that the judgment of the Court below should be reversed, and judgment rendered in this Court for the plaintiff.